# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

CEDRIC LAMAR HOSKINS, #150792                                                PETITIONER

VERSUS                                      CIVIL ACTION NO. 3:12-cv-105-HTW-LRA

CHRISTOPHER EPPS                                                      RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Cedric Lamar Hoskins, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner states that he pled guilty to raping a child in July 2009 in the Circuit Court of Rankin County, Mississippi. Pet. [1 & 1-1] at 1. As a result, petitioner received a 20-year sentence with seven years to serve in the custody of the Mississippi Department of Corrections. *Id.*

Because petitioner failed to provide the grounds upon which he is basing his request for habeas relief and he failed to provide information establishing that he had exhausted his state court remedies, other than stating he was filing a motion for post-conviction relief, an order [6] was entered on March 6, 2012, directing him to file a response and provide additional information concerning these matters. Pet. [1]. Petitioner filed his response [9] on April 11, 2012. In his response [9], petitioner only states that his ground for habeas relief is that he is being "maliciously confine[d] and endanger[ed]" as a result of his Sixth and Eighth Amendment rights being violated. As for the steps he has taken to exhaust his state court remedies, Petitioner states that even though he has filed numerous requests for administrative remedies he has not received a response from the prison officials concerning his requests. Resp. [9].

After reviewing petitioner's application for habeas corpus relief and response [9] and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

Pursuant to Title 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). In order to meet the exhaustion requirement of Title 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). As a general matter, a habeas petition is dismissed when the petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

Under Mississippi law, petitioner does not have a right to a direct appeal to the Mississippi Supreme Court since he pled guilty. Miss. Code Ann. § 99-35-101 (1972). Petitioner does, however, have an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Mississippi Code Annotated §§ 99-39-1 to -29 (1972). Petitioner has three years after the entry of judgment of the conviction to file a motion under this statute. Miss. Code Ann. §§ 99-39-5 (2) (1972), as amended. Petitioner states that he was convicted in July 2009, and is clearly within the time period to file such a motion. Because Petitioner has not demonstrated that he has exhausted his available state court remedies through the Mississippi Post-Conviction Collateral Relief Act, this Court finds that Petitioner has not met the exhaustion requirement of Title 28 U.S.C. § 2254(b)(1)(A) and (c). Therefore, Petitioner's request for habeas relief is denied for failure to exhaust his state court remedies which are available to him.

Consequently, as discussed above, Petitioner's request for habeas relief is dismissed

2

without prejudice based on his failure to exhaust his state court remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**This the 25th day of April, 2012.**

                                                **s/ HENRY T. WINGATE**
                                                **UNITED STATES DISTRICT JUDGE**